WILLIAM H. PRIOR, Plaintiff in Error, v. RIO GRANDE IRRIGATION AND COLONIZATION COMPANY, Defendant in Error.

### SYLLABUS BY THE COURT.

APPELLATE PRACTICE—REVIEW—FAILURE OF PROOF.—Where there is no evidence in the record to sustain a judgment of dismissal entered in the lower court, the same may be reviewed and reversed on appeal. Following Stamm v. City of Albuquerque.

*Error* from judgment of dismissal against plaintiff to district court of Bernalillo county.   Reversed and remanded.

Statement of the case by the court.

This action was commenced in the district court of Bernalillo county, in 1896.   The declaration contains the common counts and a paragraph alleging that the claim sued on had been assigned by the original claimant, J. A. Wiggin, to one W. H. Prior, the plaintiff in error herein.   The defendant pleaded the general issue.

Subsequent to the commencement of the action the deposition of Wiggin, the original owner of the claim, was taken, and after the deposition had been returned into court and presumably published, for a part of it appears in the transcript, the defendant company, by its attorney, on March 30, 1900, filed a motion to dismiss the action on the ground that it affirmatively appeared from the deposition of said Wiggin that he was the real party in interest.   The court sustained the motion on this ground, and the cause was dismissed, plaintiff excepting.

FURGUSSON & GILLETT for plaintiff in error.

The court, after the case was at issue, and before the case came on for trial, upon motion of the defendant, dismissed this action, upon the ground, as stated by the court,

that upon the trial of this cause he would not allow the plaintiff to recover, because plaintiff was the assignee of the account sued on.

We insist that such ruling was and is wrong, and that the case should be reversed and remanded for trial. Plaintiff as assigned in the declaration was the assignee of the account sued upon, and we submit that under our statute the plaintiff was and is entitled to recover thereon in his own name.

Section 2685, subsection 2, says: "That the action shall be in the name of the real party in interest." A true interpretation of which means, in the name of the legal holder.

Most of the courts have held that where negotiable paper has been endorsed, or other choses in action have been assigned, it does not concern the defendant for what purpose the transfer has been made, and in an action by the transferee, he can not unless he has some defense or holds some claim against the real owner, object that the suit is not in the name of the real party in interest. It is sufficient for him that the holder has the right to receive the money—that he will be protected from any other demand founded on the same claim. Bliss on Code Pleading, Sec. 51.

In the case of Cottle v. Cole, 20 Iowa, 481, Judge Dillon, speaks of the rule as established by the decisions in Iowa, that one holding the legal title to a note or other instrument may sue upon it, though he be agent or trustee, and liable to account for the proceeds, although the case is open to any defense which may exist against the person beneficially interested. And our statute, section 2981, C. L. 1897, provides: "In case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any set off, counter claim or other cause of action or defense, whether matured or not, if matured when pleaded, existing in favor of the defendant against the assignee, before notice of the assignment."

So far as concerns the right of the transferee to sue in his own name, there is no difference in principle, between paper negotiable by the law merchant and ordinary choses in action assignable in equity. Bliss Code Pleading, Sec. 51.

The New York Court of Appeals has recognized the right of the assignee or choses in action to sue in his own name, although not the absolute owner—as, where the assignor re-

tains an interest in the funds, even if the assignee is accountable for all he may collect.

In Allen v. Brown, 44 N. Y. 229, certain co-owners had assigned to the plaintiff their interest in the demand without consideration. The assignee was held to be the real party in interest, notwithstanding he might be acting in the interest of said co-owners, and be liable to them for their share of the amount collected.

In Meeker v. Cleghorn, Id. 349, the doctrine is spoken of as settled in New York that an assignment in writing, absolute in its terms makes the assignee the real party in interest, notwithstanding he may be acting in the interest of the assignors.

In Kansas a transferee without indorsement, but with verbal authority to receive the money, is the real party in interest. Williams v. Norton, 3 Kansas, 295.

In Hardin v. Hilton, 50 Ind. 319, it was held that an indorsement for collection, or one made without consideration, passes a good title and the indorsee may sue in his own name.

We submit that there was a consideration for the assignment of the account sued on, as is shown by the deposition of Mr. Wiggin.

It is not our desire to burden the court with numberless authorities; it seems so clear to our minds that the court will reverse this case that we will cite and quote but one other authority, which is Gomer v. Stockdale, 39 Pac. (Colorado), 355.

The court says: "The assignee may sue thereon as the real party in interest, though the assignment is on condition that when the claim is collected, the whole or some part, must be paid over to the assignor.

"There is much controversy in the various states respecting that almost universal code provision, that a suit must be prosecuted in the name of the real party in interest. Until the true construction of the act is settled in any particular state, there is much room for discussion. It has been often adjudged that the term 'real party in interest' is but a synonym for the phrase the 'person having the legal title.' It has accordingly been decided that it is no infraction of this statute to bring the suit in the name of the person to whom the claim has

been assigned, whether it be an open account or otherwise, although there may be annexed to the transfer the condition that, when the sum is collected, the whole or some part of it must be paid over to the assignor.

·    "Since this doctrine prevails in Colorado, it is clear Gomer had a right to bring the suit on the transferred claim. The agreement between Gomer and Jackson, concerning the disposition of the proceeds, did not affect the recovery."

We submit that if the plaintiff recover against the defendant in this action, such judgment would be a complete bar to an action by the assignor against the defendant, and that it is a matter of no concern to the defendant who receives the benefit of the amount that may be collected on such judgment.

If the defendant has any defense against said action as against Mr. Wiggin, such defense is as available to the defendant against the assignee, the plaintiff, as it might or could be against Mr. Wiggin, the assignor.

F. W. CLANCY for defendant in error.

1. The plaintiff is not the real party in interest.

At common law, a chose in action can not be assigned so as to vest in the assignee the legal title or any right to sue in his own name. Dicey v. Parties, 66; Glenn v. Marbury, 145 U. S. 509.

This is a rule so familiar and so well understood that citation of many authorities would be an impertinence. Was there, at the time this action was begun, any statute in New Mexico which changed it?

The only statutory modifications to be considered are to be found in chapter 6 of the Laws of 1880, the portions of which material to the present discussion appear as sections 2939, 2940 and 2981 of the Compiled Laws of 1897. Section 2981 is the one upon which plaintiff relies.

Section 2939 provides that "every action must be prosecuted in the name of the real party in interest, except as provided in the next section." Counsel for plaintiff declares that "real party in interest" means merely "the person having the legal title."

Now, the undoubted object of this statute was to enable persons, really in interest, to prosecute actions which otherwise they could not because they were not holders of the legal title; but counsel for appellant would put us back just where we were before this statute was adopted. At the same time, this law was intended to lay down a general rule as to who must be plaintiffs, as its phraseology clearly indicates.

That the assignment of a chose in action does not vest the legal title in the assignee, unless it is so provided by statute, is well established. Brush v. Curtis, 4 Conn. 315; Palmer v. Merrill, 6 Cush. 286; Bird v. Washburn, 10 Pick., 226; McLean Co. v. Long, 91 Ill. 619.

We have no statute which declares that choses in action, other than negotiable paper, can be assigned so as to vest the legal title in the assignee, and if counsel for appellant is correct in his construction of the phrase "real party in interest," he would appear to be much in the position of the legendary person who is said to have sawed off the limb upon which he sat, between himself and the trunk of the tree.

It is true that section 2981 implies that an assignee of a thing in action may sue in his own name, but there is no hint that he is the "holder of the legal title" to the chose. This section was passed at the same time as sections 2939 and 2940, and must be construed with them. It harmonizes with section 2939 when it recognizes the right of the assignee to sue in his own name—not because he has the legal title, but because he is the real party in interest who could not sue without section 2939.

Counsel for appellant overlooks, or chooses to ignore, section 2940. This section shows not only who may sue, although not the real party in interest, but clearly indicates who is a real party in interest within the legislative meaning. It is as follows:

"An executor or administrator, a guardian, a trustee of an expressed trust, a party with whom or in whose name a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the suit is prosecuted."

Obviously, if "real party in interest" in section 2939 means merely "the holder of the legal title," then section 2940 is quite foolish, 'for executors, trustees and parties in whose names contracts are made for the benefit of others, are "holders of the legal title," and, according to counsel for plaintiff, consequently the real parties in interest. Therefore, section 2940 is quite unnecessary unless the legislative intent and plaintiff's construction are quite divergent.

The latter part of section 2940 indicates that this is the fact; as it points out as plainly as possible, that "the party for whose benefit the suit is prosecuted" is the "real party in interest."

The present case is prosecuted for the benefit of Wiggin as is plainly shown by his voluntary sworn statement taken and filed by plaintiff. He is the "real party in interest," and the plaintiff is not his executor, guardian or trustee.

Moreover, the role of *expressio unius exclusio alterius* is applicable, and only those enumerated in section 2940 can sue if not the parties "for whose benefit the suit is prosecuted."

This is a matter of statutory construction, and we can get no aid from the cases cited by plaintiff's counsel from states where the statutes are not the same as ours.

2. This case should be dismissed on grounds of public policy.

It is true that the law of maintenance, once of great importance, has become in large part, practically obsolete, but there are cases so flagrant, infrequent though they be, when it can still, with great propriety, be invoked. This is one of them.

By reference to page 7 of the record, it will appear, with reasonable certainty, that a person named Rowe is an officer of the defendant company, and that this same Rowe is to pay the expenses of this suit because Wiggin could not do it himself. In other words, the plaintiff, Prior, is a mere figurehead or disguise for the traitorous Rowe who, undoubtedly, never expected that his name would thus appear in this litigation.

Maintenance is defined to be "An officious intermeddling in a suit that no way belongs to one, by assisting either party with money, or otherwise, to prosecute or defend." 5 A. & E. Ency. of Law (2nd Ed.), 815.

Rowe's action clearly falls within this definition, and his offense is aggravated as an act of bad faith and treachery toward the company with which he is indentified.

MILLS, C. J.—From an examination of the transcript of record, which has been filed in this cause, it is evident that either the judgment of dismissal was signed by the learned judge below through an oversight, or that counsel failed to properly present the cause when arguing the motion, or that the whole record, which is pertinent to this issue, has not been brought up for review.

Section 2939 of the Complied Laws of 1897, provides that "every action must be prosecuted in the name of the real party in interest." By stipulation of counsel it is agreed that only three of the interrogatories and answers of Wiggin, whose testimony was taken by deposition are necessary or material for the determination of this case, and these interrogatories and answers are all of the evidence which is before us, and on them we must decide this cause. The interrogatories and answers now before us are not full or satisfactory. They do not show whether the alleged assignment was made verbally or by writing, but in answer to interrogatory 11, Wiggin testifies that he transferred the claim to plaintiff in error, Prior, two or three years before November 21, 1896, because he had no money to bring suit on it; and in answer to interrogatory 12, he testifies that for such transfer he received one dollar and other considerations "for the account." Nothing else relating to the assignment of the account appears in the transcript. The testimony of Wiggin is not denied or in any manner attacked or controverted, and there is no evidence to show that Prior is not the real and legal holder of the claim sued on. As there is no evidence in the record to sustain the judgment of dismissal entered below, in accordance with the principle announced by us in the case of Stamm et al. v. City of Albuquerque, 62 Pac. 973, that where there is no evidence to sustain the findings of the lower court, the same might be reviewed here, this cause is reversed and remanded to the district court of Bernalillo county.

APPELLATE practice:review:failure of pooof.

McFie, Parker, and McMillan, JJ., concur; Crum-

packer, J., having tried this cause in the court below, did not participate in this decision.

---

[896.  February 25, 1901.]